IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANNIE LEE WILSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:16-CV-00390-GMB |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM IN SUPPORT OF THE COMMISSIONER'S DECISION**

**Statement of the Issue**

WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE COMMISSIONER'S DECISION THAT PRIOR TO AUGUST 16, 2014, PLAINTIFF COULD PERFORM OTHER WORK IN THE NATIONAL ECONOMY AND WAS NOT DISABLED.

**Statement of the Case**

**(i)** **Administrative Proceedings:**

Plaintiff filed an application for a period of disability, disability insurance benefits (DIB), and Supplemental Security Income (SSI) on December 19, 2012, alleging his disability began on June 21, 2012 (Tr. 162-63, 164-69). These applications were denied initially (Tr. 75-79). After a May 20, 2014, hearing, an administrative law judge (ALJ) issued a decision on August 22, 2014, finding Plaintiff not disabled prior to August 16, 2014, but disabled after August 16, 2014 (Tr. 25-32). The Appeals Council denied Plaintiff's request for review (Tr. 1-9). This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c).

**(ii)     Statement of Facts:**

Plaintiff was fifty years old at the time of the ALJ's decision (Tr. 162), with a twelfth grade education (Tr. 184). Plaintiff worked in the past as a bakery production line worker (Tr. 184).

The ALJ evaluated Plaintiff's claim using the Commissioner's five-step sequential evaluation process (Tr. 25-32). At step two, the ALJ determined that Plaintiff had the severe impairments of diabetes mellitus, hypertension, chronic kidney disease, obstructive sleep apnea, cardiomegaly, congestive heart failure, history of cellulitis and fasciitis of the left thigh with debridement and slow healing, anemia, bibasilar air space disease, status post lumbosacral strain, and orthostatic hypotension (Tr. 27, Finding no. 3). At step three, the ALJ concluded that these impairments, alone and/or in combination, did not meet or equal an impairment listed in the regulations (Tr. 28, Finding no. 4). The ALJ then found Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work (Tr. 28, Finding no. 5). The ALJ then found Plaintiff could not perform his past relevant work (Tr. 30, Finding no. 6). Relying on the Medical-Vocational Guidelines (Grids) Rule 201.18, the ALJ found Plaintiff could perform other work in the national economy prior to August 16, 2014 (Tr. 31, Finding no. 10). Based on Plaintiff attaining the age of 50 and Grids Rule 201.12, the ALJ then determined that as of August 16, 2014, there were no jobs in the national economy that Plaintiff could perform (Tr. 31, Finding no. 11). Therefore, the ALJ found that Plaintiff was not under a disability prior to August 16, 2014, but was disabled thereafter (Tr. 32).

In addition to the facts stated above and as stated in the Argument below, the Commissioner adopts the facts as stated in the ALJ's decision.

**(iii)** **Standard of Review:**

This Court's review is limited to an inquiry into whether the Commissioner made findings supported by substantial evidence, 42 U.S.C. § 405(g), and applied the correct legal standards, see Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Id.; Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The district court's review of the Commissioner's decision is not de novo. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Weighing the evidence is a function of the fact finder, not the district court. See Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). Therefore, the court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. See Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Even if the evidence preponderates against the Commissioner's findings, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence. See Crawford, 363 F.3d at 1159.

## ARGUMENT

SUBSTANTIAL EVIDENCE SUPPORTS THE COMMISSIONER'S DECISION THAT PRIOR TO AUGUST 16, 2014, PLAINTIFF COULD PERFORM OTHER WORK IN THE NATIONAL ECONOMY AND WAS NOT DISABLED.

Plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act.[1] See 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512 (a), (c), 416.912(a), (c) (2016)[2]; Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).  Under the Commissioner's regulations, Plaintiff has the burden to provide the relevant medical and other evidence he believes will prove his alleged disability resulting from his physical or mental impairments.  See 20 C.F.R. §§ 404.1512(b), 416.912(b).  However, it is the functional limitations caused by his impairments, not the impairments themselves, which affect a claimant's ability to work.  See 20 C.F.R. §§ 404.1545(a), 416.945(a); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) (severity of impairments must be measured in terms of their effect on the ability to work, not from purely medical standards of bodily perfection or normality).

1. <u>SUBSTANTIAL EVIDENCE SUPPORTS THE ADMINISTRATIVE LAW JUDGE'S FINDING THAT PLAINTIFF DID NOT HAVE AN IMPAIRMENT THAT MET OR EQUALLED A LISTED IMPAIRMENT.</u>

Plaintiff argues that his thigh impairment meets the requirements of Listing 1.08, Soft Tissue Injury.  See id.  This argument is without merit because the ALJ properly considered whether Plaintiff's impairments met or equaled a Listing and found they did not.

---

[1] Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months."  See 42 U.S.C. § 423(d)(1)(A).

[2] All citations to the C.F.R. refer to the 2016 version unless otherwise noted.

4

"To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citations omitted); see also 20 C.F.R. §§ 404.1525, 404.1526.  A claimant's impairment must meet all of the specified medical criteria of a Listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.  For an unlisted impairment to "equal" a Listing, a claimant must present medical findings showing that the impairment is "at least equal in severity and duration to the listed findings." Wilson, 284 F.3d at 1224.  "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." Zebley, 493 U.S. at 531.

The burden is on Plaintiff to prove that he meets or medically equals a Listing. See Wilkinson v. Bowen, 847 F.2d 660, 663 (11th Cir. 1987); Bell v. Bowen, 796 F.2d 1350, 1352 (11th Cir. 1986).  Furthermore, the evidentiary standards for presumptive disability under the Listings are stricter than for cases that proceed to other steps in the sequential evaluation process because the Listings represent an automatic screening in based on medical findings, rather than an individual judgment based on all relevant factors in a claimant's claim. See 20 C.F.R. §§ 404.1525, 404.1526; Zebley, 493 U.S. at 532.

> To qualify for disability under Listing 1.08, a claimant must show a
>
> Soft tissue injury (e.g., burns) of an upper or lower extremity, trunk, or face and head, under continuing surgical management, as defined in 1.00M, directed

5

> toward the salvage or restoration of major function, and such major function was not restored or expected to be restored within 12 months of onset.

20 C.F.R. pt. 404, subpt. P, app.1, § 1.08.  Thus to meet Listing 1.08, a claimant must satisfy five conditions: (1) soft tissue injury, (2) to an upper or lower extremity, trunk, or face and head, (3) under continuing surgical management, as defined in 1.00M4, (4)  directed toward the salvage or restoration of major function, and (5) such major function not restored or expected to be restored within twelve months of onset.  Listing 1.08 does not define "soft tissue injury," but it is clear from the text that "burns" are not the exclusive type of injury intended to be covered by Listing 1.08.

Assuming Plaintiff had a "soft tissue injury," Listing 1.08 requires a showing that the injury needed "continuing surgical management," which is defined as:

> surgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part. It may include such factors as post-surgical procedures, surgical complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy.

20 C.F.R. pt. 404, subpt. P, app.1, § 1.00M.  This definition suggests an injury that does not respond as expected to surgery because of an infection caused by the surgery or some other complication that causes repeated surgeries or prolonged treatment.  It does not envision an injury which requires surgery and an ordinary course of follow-up treatment, which is the case with Plaintiff.  For instance, the record reflects that after Plaintiff's March 2013 debridement, his injury did not require additional surgery in May 2013 and his wound improved in October 2013

6

(Tr. 373, 376, 432). Medical records from December 2013 further note improvement in Plaintiff's thigh injury (Tr. 533).

The restoration of "major function" is also not defined in the listing. However, in evaluating whether an individual's major function has been restored under Listing 1.08, the listing does define "functional loss." Functional loss "for purposes of these listings is defined as the inability to . . . *perform fine and gross movements effectively on a sustained basis* for any reason, including pain associated with the underlying musculoskeletal impairment." 20 C.F.R., Pt. 404, Subpart. P, App. 1, § 1.00(2)(a) (emphasis added). The inability to perform fine and gross movements is defined as:

> [A]n impairment(s) that interferes *very seriously* with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Therefore, examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level.

20 C.F.R. pt. 404, subpt. P, app.1, § 1.00B2c (emphasis added). For the ALJ to determine whether a claimant meets Listing 1.08, he must determine whether major function was restored or expected to be restored within 12 months from onset. See 20 C.F.R., pt. 404, Subpart P, Appendix 1, § 1.08. Necessarily, he must determine in the first instance whether there was a "loss of function" before he can decide whether such function was restored. Here, Plaintiff failed to prove he suffered a loss of function as contemplated by the listing or that any functional loss

was not expected to be restored within twelve months of onset. For instance, Plaintiff's records indicate he had normal range of motion and no motor or sensory deficits (Tr. 376). In December 2013, Plaintiff continued to have 5/5 motor strength and 2+ pulses in his legs (Tr. 533). In February 2014, Plaintiff exhibited full range of motion, intact pulses, and intact sensory and motor functions (Tr. 541). In July 2014, Plaintiff was noted to have a steady gait and ambulatory (Tr. 719).

Additionally, there is no evidence of record that Plaintiff, who was represented by counsel, ever advised the ALJ that he claimed that his thigh injury met Listing 1.08. While the ALJ did not specifically mention listing 1.08, the ALJ's finding as to whether a claimant meets a listing may be implied from the record. See Davenport v. Astrue, 403 F. App'x 352, 354 (11th Cir. 2010) (providing that an ALJ need not recite the evidence relied upon in finding that a claimant does not meet a Listing because an implicit finding suffices); Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) (same). Nevertheless, under either listing 1.08, Plaintiff failed to prove his thigh injury interfered very seriously with his ability to independently initiate, sustain, or complete activities. See 20 C.F.R. pt. 404, subpt. P, app.1, § 1.00B2c. For example,

Here, substantial evidence supports the ALJ's finding that Plaintiff's thigh injury did not meet or medically equal a listed impairment, including Listing 1.08 (Tr. 28, Finding no. 4). Indeed, Plaintiff's treatment records show that is not, and never was, under "continuing surgical management" or that he lost major functioning for a continuous 12-month period as the Listing

8

requires. Plaintiff failed to prove that he met listing 1.08, and substantial evidence in the record supports the ALJ's finding that he did not meet a listing. See 20 C.F.R. pt. 404, subpt. P, app.1, §§ 1.02, 1.08; Wilson, 284 F.3d at 1224; Zebley, 493 U.S. at 530; Wilkinson, 847 F.2d at 663; Bell, 796 F.2d at 1352.

2. SUBSTANTIAL EVIDENCE SUPPORTS THE ADMINISTRATIVE LAW JUDGE'S CREDIBILITY DETERMINATION.

Plaintiff argues the ALJ failed to properly evaluate his subjective complaints of pain. To the contrary, the decision reveals that the ALJ properly analyzed Plaintiff's subjective complaints of pain and gave proper reasons for finding his allegations regarding his limitations not entirely credible according to the regulations and rulings (Tr. 28-30). When a claimant attempts to establish disability based on his subjective complaints, he must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. See 20 C.F.R. §§ 404.1529, 419.929; Dyer v. Barnhart, 359 F.3d 1206, 1210 (11th Cir. 2005); Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002); Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991). If the objective medical evidence does not confirm the severity of the alleged symptoms but the claimant establishes that he has an impairment that could reasonably be expected to produce his alleged symptoms, then the intensity and persistence of his alleged symptoms and their effect on his ability to work must be evaluated. See 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); Wilson, 284 F.3d at 1225-26. In this case, the ALJ's decision reveals that he correctly applied these standards (Tr. 28-30).

In analyzing Plaintiff's subjective complaints of pain, the ALJ specifically referenced the proper regulations and rulings (Tr. 28). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible (Tr. 29). The ALJ found that Plaintiff met the pain standard, and then continued in the analysis and evaluated Plaintiff's credibility. See 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). The ALJ's reasons for finding Plaintiff's allegations regarding his limitations not entirely credible are supported by substantial evidence.

The Eleventh Circuit, made clear that meeting the judicial pain standard is only a threshold inquiry and that the ALJ may reject the complaints by offering specific reasons. See Foote v. Chater, 67 F.3d 1553, 1560-61 (11th Cir. 1995); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain [under the above standard], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)).

The cases mentioned above make clear that there is a difference between meeting the pain standard and being credible. Meeting the pain standard does not require accepting claimant's complaints of pain. Even though the ALJ found Plaintiff established a medical condition which could reasonably be expected to cause her alleged pain, it does not mean that the ALJ cannot discredit her testimony regarding the level of severity of the alleged pain and whether it actually caused the limitations alleged. Therefore, the ALJ still has to move to a credibility analysis, which he did in this case, and the issue then becomes whether the ALJ's

credibility finding was proper. See Hutchinson v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986) (even where the ALJ's findings were not explicitly stated, they were implied where he moved to subsequent steps of the disability analysis).

As discussed by the ALJ, Plaintiff's subjective complaints are inconsistent with the medical evidence of record. Specifically, the ALJ stated,

> The undersigned cannot find the allegations to be fully credible. The claimant reportedly lives alone, prepares his own meals, can go alone, drives a car, shops in stores, and regularly goes to church (Exhibit 6E). He has reported experiencing no medication side effects (Exhibit 8E). He testified that he can dress himself, has noticed some improvement with his left thigh abscess, and gets his medications as required. His normal blood pressure and full range of motion of his extremities have been noted on examination (Exhibits 5F, 6F, and 13F). Lab work has shown normal blood sugars (Exhibit 8F). Diagnostic imaging and testing have shown normal ejection fraction, decreased bilateral pleural effusions, negative chest x-ray results, no hydronephrosis, mostly normal brain results, and normal electronencephalography results (Exhibits 9F, 10F, 13F, 16F, and 18F). His possible noncompliance and probably noncompliance have been noted (Exhibits 6F and 16F).

(Tr. 30).

Here, the ALJ gave ample reasons for reaching his conclusion that Plaintiff's subjective complaints of pain were not entirely credible (Tr. 30). See Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989) (ALJ properly discredited the plaintiff's testimony where he specifically articulated at least three reasons for rejecting the plaintiff's subjective complaints). Plaintiff failed to meet his burden of providing evidence to support his allegations of disabling pain and other symptoms. See 20 C.F.R. §§ 404.1512(a), (c), 404.1529(c), 416.912(a), (c), 416.929(c); Ellison, 355 F.3d at 1276; Doughty; 245 F.3d at 1278. Substantial evidence supports the ALJ's findings.

Plaintiff at all times had the burden of proving that he was disabled. See <u>Carnes v. Sullivan,</u> 936 F.2d 1215, 1218 (11th Cir. 1991). The Social Security Act clearly states that a physical or mental impairment must be an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Commissioner is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. <u>See</u> <u>Wheeler v. Heckler</u>, 784 F.2d 1073, 1075 (11th Cir. 1986); <u>Watson v. Heckler</u>, 738 F.2d 1169, 1172 (11th Cir. 1984). Even if this Court disagrees with the ALJ's resolution of the factual issues and would resolve those disputed factual issues differently, his decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. <u>See</u> <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir. 1990). The ALJ applied the correct legal standards in evaluating Plaintiff's case, and substantial evidence supports the ALJ's finding that Plaintiff was not disabled.

## **CONCLUSION**

The Commissioner respectfully requests that the Court affirm the Commissioner's decision because it is supported by substantial evidence and was decided according to proper legal standards.

           Respectfully submitted,

           GEORGE L. BECK, Jr.
           United States Attorney


By: */s/James J. DuBois*
   Assistant United States Attorney
   Bar Number: 231445
   Attorney for Defendant
   P.O. Box 197
   Montgomery, AL 36101-0197
   Tel: (334) 223-7280
   Fax: (334) 223-7418
   Email: James.DuBois2@usdoj.gov

Of Counsel for the Defendant:
Jennifer L. Patel, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W. Suite 20T45
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECMF system which will automatically notify Plaintiff's counsel, William Richard Fletcher, Esq.

                                        /s/James J. DuBois
                                        Assistant United States Attorney