IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANNIE LEE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-cv-390-GMB |
| | ) | [WO] |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On December 19, 2012, Plaintiff Dannie Lee Wilson applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging a disability onset date of June 21, 2012.[1] Wilson's applications were denied at the initial administrative level. Wilson then requested a hearing before an Administrative Law Judge ("ALJ"). On May 20, 2014, the ALJ held an administrative hearing at which Wilson appeared by closed circuit television. On August 22, 2014, the ALJ partially approved Wilson's applications, finding that he was disabled as of August 16, 2014. Wilson requested a review of the ALJ's decision concerning the disability onset date by the Appeals Council, which denied his request on March 28, 2016. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of March 28, 2016.

---

[1] Wilson later changed his alleged disability onset date to March 4, 2013, "in order to conform to the evidence of record." R. 225.

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Based on a careful review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be REVERSED and this matter REMANDED to the ALJ for further proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (citing *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Wilson bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Is the claimant's impairment(s) severe?
(3) Does the claimant's impairment(s) satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his former occupation?
(5) Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. FACTUAL BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Wilson was 49 years old at the time of the ALJ's decision. R. 49. He is divorced, has no children, and lives with his brother and sister in Dothan, Alabama. R. 49–50. He completed high school in 1984. R. 184. He suffers primarily from a severe wound and

cellulitis in his left thigh, uncontrolled diabetes, and a number of pulmonary and cardiovascular ailments. R. 46. Wilson's only prior employment consists of work on a production line at a commercial bakery. R. 52–54. He last worked in June of 2012, when he was laid off. R. 183.

Following an administrative hearing, the ALJ found that Wilson had the following severe impairments under 20 C.F.R. § 404.1520(c): "diabetes mellitus, hypertension, chronic kidney disease, obstructive sleep apnea, cardiomegaly, congestive heart failure, history of cellulitis and fasciitis of the left thigh with debridement and slow healing, anemia, bibasilar air space disease, status post lumbosacral strain, and orthostatic hypotension." R. 27. However, the ALJ concluded at step three of the analysis that none of Wilson's impairments, or any combination of his impairments, met or medically equaled the severity of one of those listed in the applicable regulations. *See* R. 28. The ALJ further found, at steps four and five, that Wilson had the residual functional capacity ("RFC") to perform a full range of sedentary work prior to August 16, 2014.[2] R. 28. Ultimately, the ALJ concluded that Wilson has been disabled within the meaning of the Social Security Act from August 16, 2014, through the date of the ALJ's decision[3]—but not since March

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

[3] This is based on the ALJ's determination that on August 16, 2014, the day before Wilson's fiftieth birthday, he became an "individual closely approaching advanced age" within the meaning of the Social Security regulations. R. 30; *see also* 20 C.F.R. § 404.1563(d) ("If you are closely approaching advanced age (age 50–54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work.").

4, 2013, Wilson's alleged disability onset date. *See* R. 28–31.

## IV.  DISCUSSION

Wilson presents two issues on appeal: (1) that the ALJ's credibility determination was not supported by substantial evidence, and (2) that the ALJ erroneously failed to evaluate whether Wilson's soft tissue injuries meet or medically equal the requirements set out in Listing 1.08.  The court addresses each argument in turn.

### A.     Credibility Determination

Wilson argues, in essence, that the ALJ "picked through the medical records and chose" only those records that supported his credibility finding, while ignoring evidence showing that Wilson has been disabled since June 21, 2012. *See* Doc. 14 at 3–8.  The Commissioner counters, in conclusory terms, that the "ALJ's decision reveals that he correctly applied" the standard by which a claimant's subjective complaints of pain are evaluated. *See* Doc. 15 at 9–12.  To the extent Wilson contends that the ALJ did not articulate specific reasons for his credibility finding in the context of the record evidence as a whole, the court agrees and remands this case to the ALJ to remedy this error.

The ALJ is not permitted to focus on evidence favorable to his ultimate conclusion while ignoring evidence to the contrary. *E.g.*, *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).  Rather, the ALJ's decision must "take into account and evaluate the record as a whole." *Id.* (citations omitted).  Where, as here, a claimant attempts to establish disability through testimony of pain or other subjective symptoms, the claimant must establish:

> (1) evidence of an underlying medical condition and either (2) objective

> medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the ALJ chooses to discredit a claimant's own testimony concerning his pain, the ALJ "must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561–62. Failure to do so "requires, as a matter of law, that the testimony be accepted as true." *Id.* at 1562. If the credibility finding is not explicitly stated, "the implication must be obvious from the ALJ's report." *Id.* (citation and internal quotation marks omitted). "A lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case." *Id.*

Here, the ALJ has not adhered to these principles. He concluded that, while Wilson's impairments could reasonably be expected to cause his symptoms, his complaints "concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely credible." R. 29 at 30. The ALJ then summarized Wilson's symptoms and the relevant medical evidence, glossing over extensive information favorable to a claim of disability while emphasizing the limited record evidence of normal or benign results. For example, the ALJ noted Wilson's abscesses, respiratory failure, high blood pressure, edema, and lower back tenderness before pointing out that normal blood pressure and a full range of motion in Wilson's extremities "have also been noted." R. 29. The ALJ also remarked that Wilson's blood work has revealed high blood sugar levels, hypoglycemia, and anemia, but "lab work has also shown normal blood sugars," citing to one report. R.

7

29. Finally, in addition to the medical records, the ALJ pointed to the written testimony of one friend that Wilson lives alone,[4] prepares his own meals, drives, shops, and attends church. R. 30. He also noted that Wilson experiences no adverse medication side effects, and has reported "some improvement with his left thigh abscess." R. 30.

In this analysis, the ALJ failed not only to account for significant evidence of disability, but also to articulate his basis for concluding that the relatively few normal results support a finding that Wilson is not disabled. This type of cherry-picking from the record evidence has been repeatedly condemned. *See, e.g., McCruter*, 791 F.2d at 1548; *Tavarez v. Comm'r of Soc. Sec.*, 638 F. App'x 841, 848–49 (11th Cir. 2016); *Reeves v. Astrue*, 2010 WL 1381002, at *10 (M.D. Ala. Mar. 31, 2010) ("The ALJ's failure to mention or consider contrary medical records, let alone articulate reasons for disregarding them, is reversible error."). The record demonstrates that Wilson has been treated extensively for an abscess and cellulitis in his left thigh, anasarca, anemia, type 2 diabetes, hypertension, and congestive heart failure. He was hospitalized 12 times in 2013 and 2014, including a two-week stay in March of 2013 and over one month of inpatient treatment from April to May of 2013. *See* R. 257–712 (collecting inpatient and outpatient treatment records from Southeast Alabama Medical Center ("SAMC") and Flowers Hospital). These hospitalizations included multiple visits to the intensive care unit ("ICU"). *See, e.g.*, R. 381–82 & 423–29.

Over the course of his treatment, Wilson was described as "very debilitated to the

---

[4] There is no other indication in the record that Wilson lives alone.

point of being emaciated," and he received repeated surgical debridement of the wound in his left thigh. R. 357–59. At one point, examining physician Dr. Ryan Conner at SAMC Wound Care stated that Wilson needed intravenous antibiotics and "may actually be well served by an above knee amputation." R. 359. Wilson's blood sugar levels fluctuated dangerously, which was partially attributed to an error in his medication regimen. *See, e.g.*, R. 372–73. The wound appeared to be improving in September of 2013, but his blood sugar levels remained unstable. *See, e.g.*, R. 416–21. However, the next month, Wilson was again admitted to Flowers Hospital ICU and to SAMC, where he stayed for nearly two weeks. *See* R. 424–44 & 447–79. These records demonstrate that Wilson had developed an abscess in his left arm that was surgically debrided. *See, e.g.*, R. 453. The left thigh wound, though not infected, required treatment and monitoring and was described as "chronic[ally] nonhealing," and "large [and] gaping" with "foul drainage." R. 426 & 431. He also continued to suffer from hypoglycemia, anemia, anasarca, and hypertension, and had developed acute respiratory failure that was causing shortness of breath. *See* R. 428–29 & 448–49. Despite isolated reports of marginal improvement, Wilson returned and was admitted to the hospital again in November of 2013; February, March, June, July, August, and September of 2014; and on multiple occasions in 2015, all for largely the same recurring issues. Consistent with the objective medical evidence, Wilson stated in the disability report that his diabetes is uncontrolled, that he has inflammation in his legs, and that he cannot walk. *See* R. 212–16. He testified at the administrative hearing that he is unable to work, drive, perform household chores, cook, or clean. *See* R. 55–57.

The ALJ discussed this evidence in passing, summarily disregarding it in a single

9

paragraph and concluding that Wilson's testimony was not fully credible based on his daily activities and a handful of isolated positive medical results. *See* R. 30. Common sense dictates that a claimant with an extensive medical history will have at least some medical records demonstrating normal or healthy results. Equally unremarkable is a claimant's ability to perform simple tasks of daily necessity, such as dressing, cooking, shopping, and driving. Indeed, these "minimal daily activities" are "not dispositive evidence of one's ability to perform sedentary work." *Venette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998); *see also Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985) (finding claimant disabled where she attended church, drove, and performed housework and other daily tasks); *Watkins v. Berryhill*, 2017 WL 2806811, at *6 (N.D. Ala. June 29, 2017) (summarizing cases and concluding that courts hold that "a claimant's ability to perform limited daily activities, such as light household chores, going to church, cooking, watching television and shopping with assistance is inadequate to substantially support an ALJ's adverse credibility determination"). Here, the ALJ's decision to point to a few normal results while disregarding substantial evidence to the contrary is reversible error. The ALJ does not explain how or why these results, cherry-picked from reports demonstrating a wide array of potentially debilitating symptoms, should be granted such disproportionate weight. The court finds this line of reasoning unsupported by substantial evidence in the record.

**B.  Listing 1.08**

At the third step of the analysis, the ALJ concluded that Wilson "has not had an impairment or combination of impairments that meets or medically equals the severity of

one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 49. However, as Wilson noted in his brief, the ALJ did not specifically address Listing 1.08, which encompasses soft tissue injuries. *See* R. 49–50.

In *Wilson v. Barnhart*, the Eleventh Circuit discussed the significance of the Social Security regulations' listings:

> The Listing of Impairments describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity. *See* 20 C.F.R. § 404.1525(a). Part A of the Listing of Impairments contains medical criteria that apply to adults age 18 and over. *See* 20 C.F.R. § 404.1525(b); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.
>
> To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment. *See id.*

284 F.3d 1219, 1224 (11th Cir. 2002). A failure to consider whether the claimant meets the requirements of one of the listings contained in Appendix 1 is reversible error. *See Todd v. Heckler*, 736 F.2d 641, 642 (11th Cir. 1984). If a claimant meets an impairment, he is determined to be disabled and "further inquiry pursuant to the analysis ceases." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986). "While Appendix 1 must be considered in making a disability determination, it is not required that the [ALJ] mechanically recite the evidence leading to her determination." *Id.* Of course, it is the claimant's burden to demonstrate that one or more of his impairments meets or equals a listing. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).

11

To qualify under Listing 1.08, Wilson would have to show that he has a soft tissue injury of an extremity or his trunk, face, or head, "under continuing surgical management . . . directed toward the salvage or restoration of major function, and such major function was not restored or expected to be restored within 12 months of onset." 20 C.F.R. Part 404, Subp. P, App'x 1 § 1.08. "Continuing surgical management" is defined in the regulations as "surgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part." *Id.* at § 1.00M. This may include "post-surgical procedures, surgical complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy." *Id.*

As discussed above, the record is replete with evidence of a deep, festering wound (and accompanying cellulitis and anemia) in Wilson's thigh for more than one year that at various times became infected and drained copious amounts of fluid. The record also demonstrates multiple surgical debridement procedures to remove scarred and infected tissue, continuous treatment at SAMC Wound Care, and Wilson's testimony that he experiences pain and immobility. On this basis, Wilson has presented a plausible case that his thigh injury meets or medically equals the requirements set out in Listing 1.08. However, the ALJ failed to mention Listing 1.08 when he concluded that no listings were met. The ALJ's failure to do so makes it difficult for this court to "determine whether his decision on this point is supported by substantial evidence." *Aresnault v. Barnhart*, 2004 WL 1013381, at *6 (D.N.H. May 4, 2004).

In the Eleventh Circuit, however, an ALJ's finding that a claimant's impairments

do not meet or equal a listing "may be implied from the ALJ's decision." *James v. Comm'r, Soc. Sec. Admin.*, 657 F. App'x 835, 838 (11th Cir. 2016); *see also Hutchison*, 787 F.2d at 1463. However, there is nothing in the ALJ's opinion here that would support an implicit finding as to Listing 1.08. As a *post hoc* justification, the Commissioner has pointed to evidence in the record that could negate the conclusion that Wilson meets Listing 1.08—specifically, that Wilson was not under "continuing surgical management" or that he did not lose major functioning for a continuous period of 12 months. *See* Doc. 15 at 7–8. But there is ample evidence that Wilson does meet the listing's requirements. *See, e.g.*, R. 515–36, 715–27 & 959–62 (showing multiple debridement procedures and continuous treatment for Wilson's thigh wound, which caused "motor deficits" in his left leg and forced him to use a rolling walker). The court declines the Commissioner's invitation to reweigh the evidence and conclude that Wilson does not meet Listing 1.08, and instead remands to the ALJ for the purpose of making the necessary factual findings and an explicit determination. *See Bloodsworth*, 703 F.2d at 1239 (holding that the court's role in Social Security appeals is a "limited one," and it is prohibited from reweighing the evidence or substituting its judgment for the ALJ's).

## V. CONCLUSION

For the foregoing reasons, the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and based upon the proper legal standards. It is therefore ORDERED that the decision of the Commissioner denying benefits is REVERSED and this matter REMANDED to the Administrative Law Judge for further proceedings.

Specifically, on remand, the Administrative Law Judge is instructed to:

(1)  provide a specific and articulable basis for his credibility determination; and

(2)  determine whether Wilson's condition meets or equals Listing 1.08.

A final judgment consistent with this opinion will be entered separately.

DONE this 26th day of September, 2017.

GRAY M. BORDEN  
UNITED STATES MAGISTRATE JUDGE